RCC

FILED
JANUARY 31, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 703

JUDGE ZAGEL
MAGISTRATE JUDGE BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SILVINA DELGADO and GLENDA M. LOPEZ, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. |
| SHRINERS HOSPITALS FOR CHILDREN, a Colorado corporation registered as a foreign corporation in Illinois, | ) ) ) ) ) ) | |
| Defendant. | ) | Trial By Jury Requested |

**COMPLAINT**

Plaintiffs Silvina Delgado and Glenda M. Lopez (collectively, "Plaintiffs"), by and through their attorneys, complain against Defendant Shriners Hospitals for Children, and in support thereof state as follows:

**INTRODUCTION**

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination based on national origin and retaliation, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and for discrimination based on race and retaliation, brought pursuant to the Civil Rights Act of 1866 and the Civil Rights Act of 1870, 42 U.S.C. § 1981, as amended

("Section 1981").  The jurisdiction of this Court is invoked to secure protection of, and to redress deprivation of, rights guaranteed by federal law, which rights provide for injunctive and compensatory relief for illegal discrimination in employment.

## JURISDICTION AND VENUE

2.   Jurisdiction is conferred on the Court by 42 U.S.C. § 2000e-5.

3.   Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1988.

4.   Venue is established in this judicial district pursuant to 28 U.S.C. § 1391(b).  The parties reside, and the unlawful employment practices alleged herein were committed, in the Northern District of Illinois.

## PARTIES

5.   Plaintiff Silvina Delgado ("Delgado") currently resides in Chicago, Illinois.  Delgado is Hispanic of Mexican origin.  During all relevant times, Delgado was an "employee" within the meaning of Title VII, 29 U.S.C. § 2000e(f).

6.   Plaintiff Glenda M. Lopez ("Lopez") currently resides in River Grove, Illinois.  Lopez is Hispanic of Guatemalan-American

origin. During all relevant times, Lopez was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

7. Defendant Shriners Hospitals for Children ("Defendant" or "Shriners") is a Colorado not-for-profit corporation that is registered as a foreign corporation in Illinois. Shriners operates a hospital at 2211 North Oak Park Avenue, Chicago, Illinois, which is located within this judicial district. Shriners is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCEEDINGS

8. Delgado filed charges on June 30, 2005 against Shriners with the Equal Employment Opportunity Commission ("EEOC") charging Shriners with discrimination based on national origin, disability and retaliation, a true and accurate copy of which is attached hereto as **Exhibit A** and incorporated herein.

9. With respect to Delgado's charge, the EEOC Chicago District Director John P. Rowe issued a Determination dated July 31, 2007, a true and accurate copy of which is attached hereto as **Exhibit B**. In his Determination, Rowe states in relevant part:

> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party based on her national origin, Hispanic, by subjecting her to different terms and conditions of employment, in violation of Title VII, and retaliated against her by issuing her a written warning, and denying her unpaid leave, in violation of Title VII.

> I have further determined that Respondent retaliated against Charging Party for engaging in protected activity and discrimination against Charging Party based on her national origin, Hispanic, by subjecting her to different terms and conditions of employment, in violation of Title VII.  Like and related to the allegations, and arising during the course of the investigation, the evidence also shows that Respondent discriminated against Charging Party based on her national origin, Hispanic and based on retaliation for engaging in protected activity by terminating her employment, in violation of Title VII.

10.   With respect to Delgado's charge, the EEOC issued a Notice of Right to Sue dated November 2, 2007, a true and accurate copy of which is attached hereto as **Exhibit C**.  Delgado received the Notice of Right to Sue no earlier than November 6, 2007.

11.   Delgado filed a timely charge of discrimination with the EEOC and has met all administrative prerequisites for the bringing of this action.

12.   Lopez filed charges on June 30, 2005 against Shriners with the EEOC charging Shriners with discrimination based on national origin and retaliation, a true and accurate copy of which is attached hereto as **Exhibit D** and incorporated herein.

13.   With respect to Lopez's charge, the EEOC Chicago District Director John P. Rowe issued a Determination dated May 16, 2007, a true and accurate copy of which is attached hereto as **Exhibit E**. In his Determination, Rowe states in relevant part:

> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party based on her national origin, Hispanic, by not allowing her to speak Spanish in the workplace and retaliating

against her by issuing her written discipline in violation of Title VII.

14. With respect to Lopez's charge, the EEOC issued a Notice of Right to Sue dated November 2, 2007, a true and accurate copy of which is attached hereto as **Exhibit F**. Lopez received the Notice of Right to Sue on November 6, 2007.

15. Lopez filed a timely charge of discrimination with the EEOC and has met all administrative prerequisites for the bringing of this action.

## ALLEGATIONS COMMON TO ALL COUNTS

16. Delgado is bilingual in English and Spanish. Her first language was Spanish.

17. Lopez is bilingual in English and Spanish. Her first language was Spanish.

18. Delgado was employed by Shriners at its Chicago hospital from November 15, 2004 through June 30, 2005, as an Appointment Coordinator in the Outpatient Services Department.

19. Lopez commenced employment with Shriners at its Chicago hospital on November 20, 2003. Lopez became an Appointment Coordinator in the Outpatient Services Department on or about August 15, 2004, a position which she held in 2005.

20. In 2005, Delgado's and Lopez's immediate supervisor was Beth Mikalauskas.

21.  Delgado's and Lopez's job duties included communicating with Spanish-speaking patients and others in Spanish and providing Spanish-English interpreting and translating services for patients (and their family members) and medical staff.

22.  On or about February 21, 2005, at a staff meeting, Mikalauskas told Delgado and Lopez that, outside of their job duties, they were prohibited from speaking Spanish in the hospital, including during lunch and breaks, because it was rude and made people uncomfortable.

23.  On March 4, 2005, Delgado submitted an "Employee Concern" form to Human Resources objecting to the prohibition against speaking Spanish.

24.  On March 4, 2005, Lopez submitted an "Employee Concern" form to Human Resources objecting to the prohibition against speaking Spanish.

25.  In April 2005, Mikalauskas told Delgado and Lopez that they could speak Spanish during lunch and breaks, but not in their work area (unless they were translating), because it made people uncomfortable.

26.  On June 15, 2005, Delgado received a written warning from Mikalauskas for speaking Spanish.  The warning states in relevant part:

> **Violation(s)    (refer    to    specific    policy    #):**
> Insubordination, actions that detract from patient care and are unnecessary when not directly related to treatment of patients.

> **Description/Narrative (be as specific as possible, document previous number of warnings, document consequences of next violation):** It was brought to my attention through 3 separate employee concerns that Silvina has been speaking Spanish in non-patient related situations.  As discussed in April 2005[,] a secondary language[,] in this case Spanish, should be spoken for business necessity purposes.  This excludes lunch and break times.  Silvina verbalized understanding of this directive.

27.  On June 15, 2005, Lopez received a written warning from Mikalauskas for speaking Spanish.  The warning states in relevant part:

> **Violation(s) (refer to specific policy #):** Insubordination, actions that detract from patient care and are unnecessary when not directly related to the care and treatment of patients.

> **Description/Narrative (be as specific as possible, document previous number of warnings, document consequences of next violation):** It was brought to my attention through 3 separate employee concerns that Glenda has been speaking Spanish in a non-patient related situations [*sic*].  As discussed in April 2005[,] a secondary language, in this case Spanish, should be spoken for business necessity purposes.  This excludes lunch and break times.  Glenda verbalized understanding of this directive.

28.  On June 16, 2005, Delgado requested a medical leave of absence and submitted a doctor's note.  She did not attend work because of illness from June 16, 2005 until she returned on June 24, 2005.  On June 20, 2005, Shriners informed her that she had to apply for a personal leave.  On June 21, 2005, Delgado applied for a personal leave, which Shriners denied the same day.

29. On June 24, 2005, Hospital Administrator Shana Jones and Human Resources Specialist Shirley Bradley met with Delgado about her written warning and other matters. Jones told Delgado that her discipline for speaking Spanish was appropriate. Bradley prepared a memorandum summarizing the meeting, which states in relevant part:

**<u>Expectations</u>**

> To speak English while working, with the exception of translating for Spanish speaking families or translating phone calls. Make sure you take your breaks away from the department, this way when you are speaking Spanish, there's no confusion about your communication.

30. At the June 24, 2005 meeting, Delgado requested that her hours be adjusted in order for her to attend a June 30, 2005 counseling session that was recommended by her doctor. Jones told her that she could not take off work to attend the session.

31. On June 27, 2005, Delgado was ill and did not attend work. She submitted her doctor's note to Human Resources.

32. By letter dated June 30, 2005, Shriners terminated Delgado's employment, effective that day. The reasons for termination set forth by Shriners in the June 30, 2005 letter are a pretext. Shriners actually terminated Delgado in retaliation for her engaging in protected activity under Title VII and Section 1981.

33. Lopez commenced a medical leave on June 16, 2005.

34. On or about December 9, 2005, Lopez contacted Shriners to return to work, but was informed that her position was no longer available.

35. Shriners either constructively discharged or terminated Lopez in retaliation for her engaging in protected activity under Title VII and Section 1981.

36. As a direct and proximate result of the previously stated facts, Delgado and Lopez have in the past and will in the future suffer damages, including but not limited to, lost wages and benefits, severe mental and emotional harm, anguish, distress, embarrassment, humiliation, damage to reputation, lost future earnings, medical and therapeutic costs, and other compensatory damages.

37. Shriners's acts of discrimination and retaliation against Delgado were intentional, willful and wanton, and done with reckless disregard of Delgado's federally protected rights and the harms to her.

38. Shriners's acts of discrimination and retaliation against Lopez were intentional, willful and wanton, and done with reckless disregard of Lopez's federally protected rights and the harms to her.

**COUNT I**
**TITLE VII NATIONAL ORIGIN DISCRIMINATION AGAINST DELGADO**

39. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

40. Shriners discriminated against Delgado based on her national origin, Hispanic, by not allowing her to speak Spanish in the workplace, by subjecting her to different terms and conditions of employment and to a hostile work environment, and unlawfully terminating her, in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

## COUNT II
## TITLE VII RETALIATION AGAINST DELGADO

41. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

42. Shriners retaliated against Delgado for her complaints concerning and opposition to the discrimination against her and others and for her filing of a charge of discrimination with the EEOC, by, among other things, subjecting her to different terms and conditions of employment and a hostile work environment, issuing her a written warning, denying her unpaid leave, and terminating her, in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

## COUNT III
## SECTION 1981 DISCRIMINATION AGAINST DELGADO

43.   Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

44.   Shriners discriminated against Delgado based on her race, Hispanic, by not allowing her to speak Spanish in the workplace, by subjecting her to different terms and conditions of employment and to a hostile work environment, and unlawfully terminating her, in violation of Section 1981, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

## COUNT IV
## SECTION 1981 RETALIATION AGAINST DELGADO

45.   Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

46.   Shriners retaliated against Delgado for her complaints concerning and opposition to the discrimination against her and others and for her filing of a charge of discrimination with the EEOC, by, among other things, subjecting her to different terms and conditions of employment and a hostile work environment, issuing her a written warning, denying her unpaid leave, and terminating her,

in violation of Section 1981, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

## COUNT V
## TITLE VII NATIONAL ORIGIN DISCRIMINATION AGAINST LOPEZ

47.   Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

48.   Shriners discriminated against Lopez based on her national origin, Hispanic, by not allowing her to speak Spanish in the workplace, by subjecting her to different terms and conditions of employment and to a hostile work environment, and unlawfully either constructively discharging or terminating her, in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

## COUNT VI
## TITLE VII RETALIATION AGAINST LOPEZ

49.   Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

50. Shriners retaliated against Lopez for her complaints concerning and opposition to the discrimination against her and others and for her filing of a charge of discrimination with the EEOC, by, among other things, subjecting her to different terms and conditions of employment and a hostile work environment, issuing her a written warning, and either constructively discharging or terminating her, in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

## COUNT VII
## SECTION 1981 DISCRIMINATION AGAINST LOPEZ

51. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

52. Shriners discriminated against Lopez based on her race, Hispanic, by subjecting her to different terms and conditions of employment and to a hostile work environment, and unlawfully either constructively discharging or terminating her, in violation of Section 1981, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

## COUNT VIII
## SECTION 1981 RETALIATION AGAINST LOPEZ

53. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

54. Shriners retaliated against Lopez for her complaints concerning and opposition to the discrimination against her and others and for her filing of a charge of discrimination with the EEOC, by, among other things, subjecting her to different terms and conditions of employment and a hostile work environment, issuing her a written warning, and either constructively discharging or terminating her, in violation of Section 1981, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

WHEREFORE, Plaintiffs Delgado and Lopez request judgment against Defendant Shriners and that the Court grant the following relief to them:

    A.    Grant Plaintiffs a permanent injunction enjoining Defendant Shriners from continuing to violate Plaintiffs' civil rights;

    B.    Issue an order reinstating Plaintiffs to their positions with Defendant Shriners;

  C. Award Plaintiffs damages, including but not limited to back pay and benefits, front pay, emotional distress, pain and suffering, damage to reputation, lost future earnings, other compensatory damages, punitive damages, prejudgment interest, postjudgment interest, and any other appropriate relief necessary to make Plaintiffs whole and compensate them for the civil rights violations described above;

  D. Award Plaintiffs the costs of this action together with reasonable attorney's fees and expenses and expert witness fees;

  E. Grant such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

            CORNFIELD AND FELDMAN

CORNFIELD AND FELDMAN  By: s/Robert A. Seltzer
Suite 1400         Robert A. Seltzer
25 East Washington Street  IL ARDC #06211925
Chicago, IL   60602-1803
(312) 236-7800      Attorneys for Plaintiffs
(312) 236-6686 (fax)    Silvina Delgado and Glenda M. Lopez