IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SILVINA DELGADO and GLENDA M. LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>SHRINERS HOSPITALS FOR CHILDREN, a Colorado corporation registered as a foreign corporation in Illinois,<br><br>Defendant. | No. 08 C 703<br><br>Judge John W. Darrah<br>Magistrate Judge Nolan |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Shriners Hospitals for Children ("Shriners"), by its attorneys, answers the Complaint ("Complaint") of Plaintiffs Silvina Delgado ("Delgado") and Glenda M. Lopez ("Lopez") (collectively "Plaintiffs") as follows:

**INTRODUCTION**

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination based on national origin and retaliation, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and for discrimination based on race and retaliation, brought pursuant to the Civil Rights Act of 1866 and the Civil Rights Act of 1870, 42 U.S.C. § 1981, as amended ("Section 1981"). The jurisdiction of this Court is invoked to secure protection of, and to redress deprivation of, rights guaranteed by federal law, which rights provide for injunctive and compensatory relief for illegal discrimination in employment.

**ANSWER:**

Shriners admits that Plaintiffs purport to bring a civil action against it for discrimination and retaliation in violation of Title VII and Section 1981 and that this Court has subject matter jurisdiction over Plaintiffs' claims. Shriners denies that Plaintiffs can state claims

against it for discrimination or retaliation in violation of Title VII or Section 1981 and denies that Plaintiffs are entitled to any relief whatsoever.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on the Court by 42 U.S.C. § 2000e-5.

**ANSWER:**

Shriners admits that this Court has jurisdiction over this action but denies that the Complaint states a cause of action against Shriners and denies that Plaintiffs are entitled to any of the relief they seek.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1988.

**ANSWER:**

Shriners admits that this Court has jurisdiction over this action but denies that the Complaint states a cause of action against Shriners and denies that Plaintiffs are entitled to any of the relief they seek.

4. Venue is established in this judicial district pursuant to 28 U.S.C. § 1391(b). The parties reside, and the unlawful employment practices alleged herein were committed, in the Northern District of Illinois.

**ANSWER:**

Shriners admits that venue is proper in this judicial district and that Plaintiffs reside and were employed by Shriners in this judicial district. Shriners denies the remaining allegations of Paragraph 4.

## PARTIES

5. Plaintiff Silvina Delgado ("Delgado") currently resides in Chicago, Illinois. Delgado is Hispanic of Mexican origin. During all relevant times, Delgado was an "employee" within the meaning of Title VII, 29 U.S.C. § 2000e(f).

**ANSWER:**

      Shriners admits that Delgado was an employee within the meaning of Title VII, 29 U.S.C. § 2000e(f), but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5.

      6.      Plaintiff Glenda M. Lopez ("Lopez") currently resides in River Grove, Illinois. Lopez is Hispanic of Guatemalan-American origin. During all relevant times, Lopez was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

**ANSWER:**

      Shriners admits that Lopez was an employee within the meaning of Title VII, 29 U.S.C. § 2000e(f), but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6.

      7.      Defendant Shriners Hospitals for Children ("Defendant" or "Shriners") is a Colorado not-for-profit corporation that is registered as a foreign corporation in Illinois. Shriners operates a hospital at 2211 North Oak Park Avenue, Chicago, Illinois, which is located within this judicial district. Shriners is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**ANSWER:**

      Shriners admits the allegations of Paragraph 7.

<b><u>ADMINISTRATIVE PROCEDURE</u></b>

      8.      Delgado filed charges on June 30, 2005 against Shriners with the Equal Employment Opportunity Commission ("EEOC") charging Shriners with discrimination based on national origin, disability and retaliation, a true and accurate copy of which is attached hereto as **Exhibit A** and incorporated herein.

**ANSWER:**

      Shriners admits the allegations of Paragraph 8.

      9.      With respect to Delgado's charge, the EEOC Chicago District Director John P. Rowe issued a Determination dated July 31, 2007, a true and accurate copy of which is attached hereto as **Exhibit B**. In his Determination, Rowe states in relevant part:

> I have determined that the evidence obtained in the investigation
> establishes reasonable cause to believe that Respondent

>discriminated against Charging Party based on her national origin, Hispanic, by subjecting her to different terms and conditions of employment, in violation of Title VII, and retaliated against her by issuing her a written warning, and denying her unpaid leave, in violation of Title VII.
>
>I have further determined that Respondent retaliated against Charging Party for engaging in protected activity and discrimination [sic] against Charging Party based on her national origin, Hispanic, by subjecting her to different terms and conditions of employment, in violation of Title VII. Like and related to the allegations, and arising during the course of the investigation, the evidence also shows that Respondent discriminated against Charging Party based on her national origin, Hispanic and based on retaliation for engaging in protected activity by terminating her employment, in violation of Title VII.

**ANSWER:**

Shriners admits that Paragraph 9 accurately quotes part of the Determination but denies that the conclusions set forth in the quoted portion of the Determination are correct.

10. With respect to Delgado's charge, the EEOC issued a Notice of Right to Sue dated November 2, 2007, a true and accurate copy of which is attached hereto as **Exhibit C**. Delgado received the Notice of Right to Sue no earlier than November 6, 2007.

**ANSWER:**

Shriners is without knowledge or information sufficient to form a belief as to when Delgado received the Notice of Right to Sue. Shriners admits the remaining allegations of Paragraph 10.

11. Delgado filed a timely charge of discrimination with the EEOC and has met all administrative prerequisites for the bringing of this action.

**ANSWER:**

Shriners admits Delgado filed a charge of discrimination with the EEOC, but denies the remaining allegations of Paragraph 11.

12. Lopez filed charges on June 30, 2005 against Shriners with the EEOC charging Shriners with discrimination based on national origin and retaliation, a true and accurate copy of which is attached hereto as **Exhibit D** and incorporated herein.

**ANSWER:**

Shriners admits the allegations of Paragraph 12.

13. With respect to Lopez's charge, the EEOC Chicago District Director John P. Rowe issued a Determination dated May 16, 2007, a true and accurate copy of which is attached hereto as **Exhibit E**. In his Determination, Rowe states in relevant part:

> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party based on her national origin, Hispanic, by not allowing her to speak Spanish in the workplace and retaliating against her by issuing her written discipline in violation of Title VII.

**ANSWER:**

Shriners admits that Paragraph 13 accurately quotes part of the Determination but denies that the conclusions set forth in the quoted portion of the Determination are correct.

14. With respect to Lopez's charge, the EEOC issued a Notice of Right to Sue dated November 2, 2007, a true and accurate copy of which is attached hereto as **Exhibit F**. Lopez received the Notice of Right to Sue on November 6, 2007.

**ANSWER:**

Shriners is without knowledge or information sufficient to form a belief as to when Lopez received the Notice of Right to Sue. Shriners admits the remaining allegations of Paragraph 14.

15. Lopez filed a timely charge of discrimination with the EEOC and has met all administrative prerequisites for the bringing of this action.

**ANSWER:**

Shriners admits Lopez filed a charge of discrimination with the EEOC, but denies the remaining allegations of Paragraph 15.

### ALLEGATIONS COMMON TO ALL COUNTS

16. Delgado is bilingual in English and Spanish. Her first language was Spanish.

**ANSWER:**

    Shriners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

    17.    Lopez is bilingual in English and Spanish. Her first language was Spanish.

**ANSWER:**

    Shriners is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

    18.    Delgado was employed by Shriners at its Chicago hospital from November 15, 2004 through June 30, 2005, as an Appointment Coordinator in the Outpatient Services Department.

**ANSWER:**

    Shriners admits the allegations of Paragraph 18.

    19.    Lopez commenced employment with Shriners at its Chicago hospital on November 20, 2003. Lopez became an Appointment Coordinator in the Outpatient Services Department on or about August 15, 2004, a position which she held in 2005.

**ANSWER:**

    Shriners admits the allegations of Paragraph 19.

    20.    In 2005, Delgado's and Lopez's immediate supervisor was Beth Mikalauskas.

**ANSWER:**

    Shriners admits the allegations of Paragraph 20.

    21.    Delgado's and Lopez's job duties included communicating with Spanish-speaking patients and others in Spanish and providing Spanish-English interpreting and translating services for patients (and their family members) and medical staff.

**ANSWER:**

    Shriners admits that it encouraged Plaintiffs to communicate in Spanish with its patients and others at work, and to translate for its patients, their families and medical staff, but

denies any implication that Spanish-language communication and translation were Plaintiffs' primary job duties.

22. On or about February 21, 2005, at a staff meeting, Mikalauskas told Delgado and Lopez that, outside of their job duties, they were prohibited from speaking Spanish in the hospital, including during lunch and breaks, because it was rude and made people uncomfortable.

**ANSWER:**

Shriners denies the allegations of Paragraph 22.

23. On March 4, 2005, Delgado submitted an "Employee Concern" form to Human Resources objecting to the prohibition against speaking Spanish.

**ANSWER:**

Shriners admits that on March 4, 2005, Delgado submitted an Employee Concern form in which she (1) complained she felt the department in which she worked "needs to improve in many ways"; (2) stated she felt it was "disrespecting to others" to speak a language foreign to others in front of them; and (3) complained that she had been told by her supervisor not to speak Spanish "up front" while working.

24. On March 4, 2005, Lopez submitted an "Employee Concern" form to Human Resources objecting to the prohibition against speaking Spanish.

**ANSWER:**

Shriners admits that on March 4, 2005, Lopez submitted an Employee Concern form in which she (1) complained about a "lack of teamwork, lack of core values, [and] lack of professionalism on everyone's part" in her department; (2) stated she felt it was "rude" to speak "a language foreign to others in front of them"; and (3) complained that because this had made others "very uncomfortable," she had been told by her supervisor not to speak Spanish at certain times.

7

25. In April 2005, Mikalauskas told Delgado and Lopez that they could speak Spanish during lunch and breaks, but not in their work area (unless they were translating), because it made people uncomfortable.

**ANSWER:**

Shriners admits that it received complaints that Plaintiffs spoke Spanish in order to exclude coworkers from conversations and to talk and joke about coworkers and patients in their presence without being understood. Shriners further admits that Mikalauskas responded to these complaints by requesting that Plaintiffs limit their use of Spanish at work to certain situations, including, but not limited to, when taking lunch periods and breaks and when translating. Shriners denies any implication that Mikilauskas's request complied with Shriners' policy regarding the use of English at the hospital and denies the remaining allegations of Paragraph 25.

26. On June 15, 2005, Delgado received a written warning from Mikalauskas for speaking Spanish. The warning states in relevant part:

> **Violation(s) (refer to specific policy #):** Insubordination, actions that detract from patient care and are unnecessary when not directly related to treatment of patients.
>
> **Description/Narrative (be as specific as possible, document previous number of warnings, document consequences of next violation):** It was brought to my attention through 3 separate employee concerns that Silvina has been speaking Spanish in non-patient related situations. As discussed in April 2005[,] a secondary language[,] in this case Spanish, should be spoken for business necessity purposes. This excludes lunch and break times. Silvina verbalized understanding of this directive.

**ANSWER:**

Shriners admits Paragraph 26 accurately quotes part of the document to which it refers. Shriners denies any implication that the document complied with Shriners' policy regarding the use of English at the hospital, denies that issuance of the document had any adverse effect on Delgado's employment, and denies the remaining allegations of Paragraph 26.

8

27. On June 15, 2005, Lopez received a written warning from Mikalauskas for speaking Spanish. The warning states in relevant part:

> **Violation(s) (refer to specific policy #):** Insubordination, actions that detract from patient care and are unnecessary when not directly related to the care and treatment of patients.
>
> **Description/Narrative (be as specific as possible, document previous number of warnings, document consequences of next violation):** It was brought to my attention through 3 separate employee concerns that Glenda has been speaking Spanish in a non-patient related situations [sic]. As discussed in April 2005[,] a secondary language, in this case Spanish, should be spoken for business necessity purposes. This excludes lunch and break times. Glenda verbalized understanding of this directive.

**ANSWER:**

Shriners admits Paragraph 27 accurately quotes part of the document to which it refers. Shriners denies any implication that the document complied with Shriners' policy regarding the use of English at the hospital, denies that issuance of the document had any adverse effect on Delgado's employment, and denies the remaining allegations of Paragraph 27.

28. On June 16, 2005, Delgado requested a medical leave of absence and submitted a doctor's note. She did not attend work because of illness from June 16, 2005 until she returned on June 24, 2005. On June 20, 2005, Shriners informed her that she had to apply for a personal leave. On June 21, 2005, Delgado applied for a personal leave, which Shriners denied the same day.

**ANSWER:**

Shriners admits that on or around June 16, 2005, Delgado requested a leave of absence under the FMLA; that she submitted a doctor's note with her request; that she did not attend work on June 16, 2005; that on June 21, 2005, she submitted a request for a non-FMLA leave of absence because she was ineligible for a leave of absence under the FMLA; that her request was denied; and that she returned to work on June 24, 2005. Shriners denies the remaining allegations of Paragraph 28.

29. On June 24, 2005, Hospital Administrator Shana Jones and Human Resources Specialist Shirley Bradley met with Delgado about her written warning and other

9

matters. Jones told Delgado that her discipline for speaking Spanish was appropriate. Bradley prepared a memorandum summarizing the meeting, which states in relevant part:

> **Expectations**
>
> To speak English while working, with the exception of translating for Spanish speaking families or translating phone calls. Make sure you take your breaks away from the department, this way when you are speaking Spanish, there's no confusion about your communication.

**ANSWER:**

Shriners admits that on June 24, 2005, Hospital Administrator Shana Jones ("Jones") and Human Resources Specialist Shirley Bradley met with Delgado and that Paragraph 29 accurately quotes part of the document to which it refers. Shriners denies any implication that the document complied with Shriners' policy regarding the use of English at the hospital, denies that issuance of the document had any adverse effect on Delgado's employment, and denies the remaining allegations of Paragraph 29.

30. At the June 24, 2005 meeting, Delgado requested that her hours be adjusted in order for her to attend a June 30, 2005 counseling session that was recommended by her doctor. Jones told her that she could not take off work to attend the session.

**ANSWER:**

Shriners admits that after exhausting all of her available time off, Delgado stated that she had scheduled an appointment for the following week during her scheduled work hours and that she wanted to take additional time off from work to attend the appointment; that Jones told Delgado she should schedule the appointment at a time when she was not already scheduled to work; and that this conversation occurred on June 24, 2005. Shriners is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30.

31. On June 27, 2005, Delgado was ill and did not attend work. She submitted her doctor's note to Human Resources.

**ANSWER:**

Shriners admits that Delgado did not attend work on June 27, 2005 and that she submitted a doctor's note to its Human Resources department. Shriners is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31.

32. By letter dated June 30, 2005, Shriners terminated Delgado's employment, effective that day. The reasons for termination set forth by Shriners in the June 30, 2005 letter are a pretext. Shriners actually terminated Delgado in retaliation for her engaging in protected activity under Title VII and Section 1981.

**ANSWER:**

Shriners admits that it terminated Delgado's employment on June 30, 2005 because she violated its policy against workplace violence, and that it sent Delgado a letter advising her of the same. Shriners denies the remaining allegations of Paragraph 32.

33. Lopez commenced a medical leave on June 16, 2005.

**ANSWER:**

Shriners admits that it granted Lopez a leave of absence under the Family and Medical Leave Act ("FMLA") in June 2005 that ended on September 11, 2005.

34. On or about December 9, 2005, Lopez contacted Shriners to return to work, but was informed that her position was no longer available.

**ANSWER:**

Shriners admits that several months after the expiration of her leave of absence under the FMLA, Lopez indicated she wished to return to her former position, and that at that time, her former position no longer was available.

35. Shriners either constructively discharged or terminated Lopez in retaliation for her engaging in protected activity under Title VII and Section 1981.

**ANSWER:**

>Shriners denies the allegations of Paragraph 35.

36. As a direct and proximate result of the previously stated facts, Delgado and Lopez have in the past and will in the future suffer damages, including but not limited to, lost wages and benefits, severe mental and emotional harm, anguish, distress, embarrassment, humiliation, damage to reputation, lost future earnings, medical and therapeutic costs, and other compensatory damages.

**ANSWER:**

>Shriners denies the allegations of Paragraph 36.

37. Shriners's acts of discrimination and retaliation against Delgado were intentional, willful and wanton, and done with reckless disregard of Delgado's federally protected rights and the harms to her.

**ANSWER:**

>Shriners denies the allegations of Paragraph 37.

38. Shriners's acts of discrimination and retaliation against Lopez were intentional, willful and wanton, and done with reckless disregard of Lopez's federally protected rights and the harms to her.

**ANSWER:**

>Shriners denies the allegations of Paragraph 38.

## COUNT I
## TITLE VII NATIONAL ORIGIN DISCRIMINATION AGAINST DELGADO

39. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

**ANSWER:**

>Shriners reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 38.

40. Shriners discriminated against Delgado based on her national origin, Hispanic, by not allowing her to speak Spanish in the workplace, by subjecting her to different terms and conditions of employment and to a hostile work environment, and unlawfully terminating her, in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

**ANSWER:**

    Shriners denies the allegations of Paragraph 40.

    WHEREFORE, Shriners requests that the Court dismiss Count I with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

## COUNT II
## TITLE VII RETALIATION AGAINST DELGADO

    41.    Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

**ANSWER:**

    Shriners reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 38.

    42.    Shriners retaliated against Delgado for her complaints concerning and opposition to the discrimination against her and others and for her filing of a charge of discrimination with the EEOC, by, among other things, subjecting her to different terms and conditions of employment and a hostile work environment, issuing her a written warning, denying her unpaid leave, and terminating her, in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

**ANSWER:**

    Shriners denies the allegations of Paragraph 42.

    WHEREFORE, Shriners requests that the Court dismiss Count II with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

## COUNT III
## SECTION 1981 DISCRIMINATION AGAINST DELGADO

    43.    Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

**ANSWER:**

Shriners reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 38.

44. Shriners discriminated against Delgado based on her race, Hispanic, by not allowing her to speak Spanish in the workplace, by subjecting her to different terms and conditions of employment and to a hostile work environment, and unlawfully terminating her, in violation of Section 1981, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

**ANSWER:**

Shriners denies the allegations of Paragraph 44.

WHEREFORE, Shriners requests that the Court dismiss Count III with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

### COUNT IV
### SECTION 1981 RETALIATION AGAINST DELGADO

45. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

**ANSWER:**

Shriners reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 38.

46. Shriners retaliated against Delgado for her complaints concerning and opposition to the discrimination against her and others and for her filing of a charge of discrimination with the EEOC, by, among other things, subjecting her to different terms and conditions of employment and a hostile work environment, issuing her a written warning, denying her unpaid leave, and terminating her, in violation of Section 1981, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

**ANSWER:**

Shriners denies the allegations of Paragraph 46.

WHEREFORE, Shriners requests that the Court dismiss Count IV with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

## COUNT V
## TITLE VII NATIONAL ORIGIN DISCRIMINATION AGAINST LOPEZ

47.　Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

**ANSWER:**

Shriners reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 38.

48.　Shriners discriminated against Lopez based on her national origin, Hispanic, by not allowing her to speak Spanish in the workplace, by subjecting her to different terms and conditions of employment and to a hostile work environment, and unlawfully either constructively discharging or terminating her, in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

**ANSWER:**

Shriners denies the allegations of Paragraph 48.

WHEREFORE, Shriners requests that the Court dismiss Count V with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

## COUNT VI
## TITLE VII RETALIATION AGAINST LOPEZ

49.　Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

**ANSWER:**

Shriners reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 38.

50. Shriners retaliated against Lopez for her complaints concerning and opposition to the discrimination against her and others and for her filing of a charge of discrimination with the EEOC, by, among other things, subjecting her to different terms and conditions of employment and a hostile work environment, issuing her a written warning, and either constructively discharging or terminating her, in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

**ANSWER:**

Shriners denies the allegations of Paragraph 50.

WHEREFORE, Shriners requests that the Court dismiss Count VI with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

### COUNT VII
### SECTION 1981 DISCRIMINATION AGAINST LOPEZ

51. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

**ANSWER:**

Shriners reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 38.

52. Shriners discriminated against Lopez based on her race, Hispanic, by subjecting her to different terms and conditions of employment and to a hostile work environment, and unlawfully either constructively discharging or terminating her, in violation of Section 1981, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

**ANSWER:**

Shriners denies the allegations of Paragraph 52.

WHEREFORE, Shriners requests that the Court dismiss Count VII with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

## COUNT VIII
## SECTION 1981 RETALIATION AGAINST LOPEZ

53.　Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 38 of this complaint with the same force and effect as if fully set forth herein.

**ANSWER:**

Shriners reasserts and incorporates by reference as if fully set forth herein its answers to Paragraphs 1 through 38.

54.　Shriners retaliated against Lopez for her complaints concerning and opposition to the discrimination against her and others and for her filing of a charge of discrimination with the EEOC, by, among other things, subjecting her to different terms and conditions of employment and a hostile work environment, issuing her a written warning, and either constructively discharging or terminating her, in violation of Section 1981, whereby she has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Court grants relief.

**ANSWER:**

Shriners denies the allegations of Paragraph 54.

WHEREFORE, Shriners requests that the Court dismiss Count VIII with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have no right to damages because absent any allegedly unlawful motivation, Shriners would have made the same decisions and taken the same actions regarding Plaintiffs' employment.

WHEREFORE, Shriners requests that the Court dismiss the Complaint in its entirety with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed in their duty reasonably to mitigate their damages, if any.

WHEREFORE, Shriners requests that the Court dismiss the Complaint in its entirety with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

### THIRD AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiffs' remedies may be limited by the doctrine of after-acquired evidence.

WHEREFORE, Shriners requests that the Court dismiss the Complaint in its entirety with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs cannot state a legally cognizable claim for punitive damages because they have not pleaded and cannot plead any fact from which it reasonably could be inferred that Shriners engaged in any discriminatory practice with malice or with reckless or callous indifference to Plaintiffs' federally protected rights.

WHEREFORE, Shriners requests that the Court dismiss the Complaint in its entirety with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' retaliation claims are not cognizable under Section 1981.

WHEREFORE, Shriners requests that the Court dismiss the Complaint in its entirety with prejudice, award Shriners its costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Shriners such further relief as the Court may deem just and proper.

DATED:  April 7, 2008                                    SHRINERS HOSPITALS FOR CHILDREN

                                                By:    s/ Jeremy B. Lewin
                                                       One of Its Attorneys

Donald J. McNeil, #6193106
Jeremy B. Lewin, #6269242
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313
(312) 759-5646 (FAX)

455881v1

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing Defendant's Answer and Affirmative Defenses was served on this 7th day of April 2008, by electronic filing pursuant to Rule XI of the General Order on Electronic Case Filing upon:

>Robert A. Seltzer, Esq.
>Cornfield and Feldman
>25 East Washington
>Chicago, Illinois 60603

*s/ Jeremy B. Lewin*

455881v2